WEST VIRGINIA MALLEABLE IRON CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16883. Promulgated October 31, 1929.

*H. A. Mihills, C. P. A.*, for the petitioner.
*P. M. Clark, Esq.*, for the respondent.

OPINION.

SMITH: In *West Virginia Malleable Iron Co.*, 16 B. T. A. 545, the Board held that the respondent's determination that a certain patent acquired by petitioner in 1914, and for which $50,00C par value of capital stock was distributed pro rata among the stockholders, had no actual cash value at the time acquired by the petitioner and that the petitioner was not entitled to deduct from gross income, as a loss sustained in the year 1917, $50,000 by reason of proof of the worthlessness of the patent in that year. The above opinion of the Board disposed of all questions upon which the petitioner asked a redetermination of deficiencies for 1917 and 1918 in the amounts of $41,202.61 and $250.11, respectively, except that relating to the right of the petitioner to special assessment under the provisions of section 210 of the Revenue Act of 1917, and section 328 of the Revenue Act of 1918. Further proceedings with respect to the special assessment question were had before the Board under Rule 62(b) on June 20, 1929. At such hearing counsel for the petitioner waived its claim for special assessment for the year 1918. It, however, pressed its claim with respect to special assessment under section 210 of the Revenue Act of 1917 for the redetermination of the deficiency determined for 1917.

At the prior hearing of this case on November 5, 1928, in *West Virginia Malleable Iron Co., supra*, counsel for the petitioner stated:

Your Honors [we] have not mentioned special assessment. That feature was raised in the amended petition, and the sole point upon which the petitioner relies as an abnormality is in the event the value of the patent as claimed by the petitioner is not sustained by this Board, by reason of lack of proof as to its cost or value. That claim is now made.

As the case stands before us at the present time the only issue is whether the reduction of the claimed invested capital of the petitioner for 1917 by $50,000, representing the alleged cash value of the patent acquired by the petitioner in 1914, results in an abnormality of invested capital and whether the disallowance of a claimed

deduction from gross income of $50,000 upon proof of the worthlessness of the patent in 1917 results in an abnormality of net income warranting special assessment under section 210 of the Revenue Act of 1917 for 1917. The petitioner further contends that by reason of a fire in January, 1929, which destroyed its books of account, it is unable to prove the cost of the development of the patent.

Section 210 of the Revenue Act of 1917 provides:

That if the Secretary of the Treasury is unable in any case satisfactorily to determine the invested capital, the amount of the deduction shall be the sum of (1) an amount equal to the same proportion of the net income of the trade or business received during the taxable year as the proportion which the average deduction (determined in the same manner as provided in section 203, without including the $3,000 or $6,000 therein referred to) for the same calendar year of representative corporations, * * * engaged in a like or similar trade or business, bears to the total net income of the trade or business received by such corporations, * * * plus (2) in the case of a domestic corporation $3,000 * * *.

The finding of the Board in its above cited opinion is to the effect that there was no proven cash value of the patent at the time it was acquired by the petitioner in 1914 and that accordingly it was not entitled to include in invested capital any amount in respect of the patent; further, that it sustained no deductible loss in 1917, when the patent was determined to be worthless. Section 207 of the Revenue Act of 1917 defines what constitutes invested capital. Among other things, it is the actual value of tangible property paid in, other than cash, for stock or shares of a corporation. If the property paid in for the shares had no actual cash value, the petitioner is not entitled under the law to the inclusion in invested capital of any amount for the patent paid in. We can not see how there is any proof of abnormality of invested capital where a patent having no cash value is paid in to a corporation for stock or shares and the corporation is denied the right of including in invested capital any amount for the patent. If the patent never had any value it was not entitled to deduct from gross income of 1917 any amount in respect of proof of the worthlessness of the patent. The denial of such a deduction does not cause an abnormality of income.

Counsel for the petitioner suggests that the corporation was under expense in the development of the patent. The evidence of record does not show to what expense, if any, the petitioner was put in the development of a patent. There is no intimation that the costs of such development were charged to capital account. If the petitioner incurred any expense in the development of the patent it was apparently deducted from gross income in its tax returns prior to 1917. We can not determine from the record that any part of such expense,

if any, was improperly claimed as a deduction or allowed as a deduction in years prior to 1917. Upon the record the claim of the petitioner for special assessment for 1917 is not sustained.

*Judgment will be entered under Rule 50.*